**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ALESSANDRA ROVITO,** )<br><br>**Plaintiff,** )<br><br>**v.** )<br><br>**NORTH ANDOVER AVALON, INC., et al.,** )<br><br>**Defendants.** ) | **Civil Action No. 23-cv-11404-DJC** |

**ORDER**

**CASPER, J.**                                                  **October 10, 2023**

Plaintiff Alessandra Rovito, who is proceeding *pro se*, brings this action against North Andover Avalon, Inc. and AvalonBay Communities, Inc. (collectively, "Defendants"), alleging that that Defendants are wrongfully trying to evict her from her residence through state court proceedings pending in the Commonwealth's Housing Court (Northeast Division). See D. 1, 3. In addition to her assertions of wrongful eviction, Rovito alleges that deputy clerks of the Housing Court are violating her right to due process by not setting a hearing date. D. 3. Rovito asks this Court to enter an injunction prohibiting the defendants from pursuing a preliminary injunction in the Housing Court, ordering that she may stay in her home, and dismissing the state court actions. Id.[1]

---

[1] The Court takes judicial notice of the publicly available electronic docket of two state cases. The first matter is the underlying state summary process action. Avalon Bay Communities, Inc. v. Rovito, 23H77SP002943, Ne. Hous. Ct. (Mass.) (available through masscourts.org) (last visited October 6, 2023). There is a motion by Rovito to vacate the judgment in this case, there is a hearing scheduled for October 16, 2023 and a notice of appeal apparently has been filed as well. According to the publicly available electronic docket of the second state court action, on June 23, 2023, the court granted the motion of North Andover Avalon, LLC for a preliminary injunction, but North Andover Avalon, LLC voluntarily dismissed the action on September 27, 2023. See

The Court is without power to stay or dismiss the state court actions.  Under the Anti-Injunction Act, a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  The Anti-Injunction Act "broadly commands that [state courts] 'shall remain free from interference by federal courts.'"  Smith v. Bayer Corp., 564 U.S. 299, 306 (2011) (quoting Atlantic Coast Line R. Co. v. Locomotive Eng'rs, 398 U.S. 281, 282 (1970)).  Because none of the three exemptions from the Anti-Injunction Act's broad prohibition against enjoining state court actions to this case, the Court cannot order that the state court proceedings be stopped or dismissed.  If Rovito seeks further review of the decisions of the state trial court, she must avail herself of remedies and/or appeals within the state court system.

Accordingly, the Court DISMISSES this action.  In light of this ruling, Rovito's motions for leave to proceed *in forma pauperis*, D. 4, and for injunction relief, D. 2, 3, are DENIED as moot.

**So Ordered.**

 /s Denise J. Casper
Denise J. Casper
United States District Judge

---

North Andover Avalon, LLC v. Rovito, 23H77CV000123, Ne. Hous. Ct. (Mass.) (available through masscourts.org) (last visited October 6, 2023).